### BAKER *v.* STATE.

Opinion delivered December 9, 1929.

*W. U. McCabe,* for appellant.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

BUTLER, J. The appellant, Don Baker, was tried and convicted of the offense of transporting liquor, and on appeal contends, first, that the evidence was insufficient to warrant the conviction, and second, that the court erred in permitting incompetent and prejudicial testimony to be introduced on the trial.

On the date of the alleged offense the appellant appeared at the jail door in Baxter County, in company with one Leonard Wilks. On the outside, near the door, was the jailer's son. The jailer, who was just inside the jail door, with his back to the outside, upon hearing a commotion, turned, and saw the appellant in the act of throwing a fruit jar against the jail wall. The jailer testified that the jar had contained whiskey, which he identified by reason of the odor from the liquid spilled upon the wall and ground. The appellant was drunk at the time. He was immediately arrested and placed in jail.

At the trial the appellant testified that he had not carried any whiskey to the jail, and in this he was corroborated by his companion. He accounted for having the fruit jar in his possession in the following manner: "I saw a pint jar sitting there by the side of the jail, and reached down to pick it up, and Lloyd (the jailer's son) grabbed me and knocked it out of my hand just as I picked it up. There was a flat rock there, and it fell on the rock and broke. I didn't know what was in the jar." The appellant admitted that he was drunk, but claimed to remember everything that had happened.

The jailer testified, in rebuttal, that he had been going in and out of the jail just before the occurrence, bringing in wood, and that there was no fruit jar in the locality as testified to by the appellant; that if there had been he could and would have seen it.

This is practically all the material testimony in the case. The explanation of the appellant as to how he got possession of the whiskey, under all the circumstances in the case, was unsatisfactory, and a majority of the court

are of the opinion that the jury might have reasonably inferred that he not only had the liquor in his hands, but that he brought it to the jail, and that the evidence, while slight, is sufficient to support the verdict. The testimony, which the appellant contends was incompetent and should have been excluded from the consideration of the jury, was that of the jailer, who testified that at the time of the incident the appellant was drunk. We think this was a circumstance which tended to substantiate the theory of the State. The appellant's condition of itself showed that he had had contact with liquor, in addition to his handling the fruit jar by the jail wall. The jury had a right, not only to consider his actions at the time of his arrest, but his condition at the time, in determining whether or not he was guilty of the crime charged.

In view of what we have said, it follows that the judgment must be affirmed.